**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO.: 1:22-CR-44 (LAG) |
| | : |
| JOHNDERRIUS LOVETT, | : |
| | : |
| Defendant. | : |
| | : |

## **ORDER**

Before the Court is Defendant Johnderrius Lovett's Unopposed Motion For Permission for Defendant to Travel Outside of District During First Sixty Days of Supervised Release for Employment Purposes. (Doc. 189).

On March 13, 2024, Defendant was sentenced to one year and one day of incarceration followed by a three-year term of supervised release. (Docs. 138, 151). On February 3, 2025, Defendant completed his period of incarceration and began his term of supervised release. (Doc. 189 ¶ 3). Defendant is currently being supervised by the U.S. Probation Office for the Northern District of Georgia. (*Id.* ¶ 4). The Probation Office in the Northern District of Georgia's travel policy prohibits travel outside their district within the first 60 days of supervision, except for emergency circumstances. In his Motion, Defendant requests to travel outside of the Northen District of Georgia because "[he] has two contracted events occurring at locations outside of the Northern District of Georgia scheduled within the sixty days of his supervised release." (*Id.* ¶ 7, 8). Defendant represents that his presence is required at these two events. (*Id.*). These events include: (1) the Ice Skating Event at the Aerodrome Ice Skating Complex in Houston, Texas from February 15, 2025 to February 16, 2025; and (2) the Mimosa Land Festival in Austin, Texas from March 20, 2025 to March 23, 2025. (*Id.*). Defendant represents that the Government is unopposed to this motion. (*Id.* ¶ 9).

2

Defendant's Motion is **GRANTED.** Defendant is hereby allowed to travel to Houston, Texas from February 15, 2025 to February 16, 2025 and to Austin, Texas from March 20, 2025 to March 23, 2025 for employment purposes. Defendant is advised that he should not enter into any future contracts that necessitate travel beyond the Northern District of Georgia within the sixty-day period. Furthermore, Defendant should obtain the prior permission of the U.S. Probation Office prior to entering into any contract requiring travel outside the Northern District of Georgia during the term of supervised release. This advice does not constitute a modification of the terms of supervised release, but is offered in light of Defendant's assertion that he was not aware of his travel restrictions when he entered into the two contracts described above. (*See* Doc. 189-4).

**SO ORDERED**, this 13th day of February, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**